UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| BEATRIS PICENO,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL,[1] Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:18-CV-00653-EPG<br><br>STIPULATION AND ORDER FOR THE AWARD OF ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (EAJA) 28 U.S.C. § 2412(d) |

TO THE HONORABLE ERICA P. GROSJEAN, MAGISTRATE JUDGE OF THE UNITED STATES DISTRICT COURT:

The Parties through their undersigned counsel, subject to the Court's approval, stipulate that Plaintiff be awarded attorney fees in the amount of SEVEN THOUSAND, FIVE HUNDRED DOLLARS and 00/100 ($7,500.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to counsel. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586,

---

[1] Andrew Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court should substitute Andrew Saul for Acting Commissioner Nancy A. Berryhill as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to counsel, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to Plaintiff's counsel, Mark D. Barrett.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA fees, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of SEVEN THOUSAND, FIVE HUNDRED DOLLARS and 00/100 ($7,500.00) in EAJA attorney fees shall constitute a complete release from, and bar to, any and all claims that Plaintiff and Plaintiff's attorney, Mark D. Barrett, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Plaintiff's attorney to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated: July 26, 2019    */s/ Mark D. Barrett*
                        MARK D. BARRETT
                        Attorney for Plaintiff


Dated:                  MCGREGOR W. SCOTT
                        United States Attorney
                        DEBORAH LEE STACHEL
                        Regional Chief Counsel, Region IX
                        Social Security Administration

                    By: */s/ Patrick Snyder obo Marcelo Illarmo\**
                        PATRICK SNYDER
                        Special Assistant U.S. Attorney
                        Attorneys for Defendant
                        (*Permission to use electronic signature
                        obtained via email on 7/26/19).

## **ORDER**

Pursuant to the Parties' Stipulation, IT IS ORDERED that Plaintiff be awarded attorney fees in the amount of SEVEN THOUSAND, FIVE HUNDRED DOLLARS and 00/100 ($7,500.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d). This award is without prejudice to the rights of Plaintiff's attorney to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

IT IS SO ORDERED.

Dated: **July 26, 2019**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE